IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 06-193 |
| | ) | See Civil No. 16-802 |
| SEAN REED, | ) | |
| | ) | |
| Defendant/petitioner. | ) | |

O R D E R

AND NOW, this 30th day of January, 2018, upon consideration of Defendant/Petitioner ("Petitioner") Sean Reed's Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 123), filed in the above captioned matter on June 14, 2016, and Amended Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 130), filed on September 6, 2016, and upon further consideration of the Government's response thereto (Doc. No. 135), and the various further replies and sur-replies filed by the parties (Doc. Nos. 138, 139, 140, 141, and 142),

IT IS HEREBY ORDERED that Petitioner's Motion and Amended Motion are DENIED. IT IS FURTHER ORDERED that a certificate of appealability is issued on the issue of whether Petitioner's 1995 conviction for aggravated assault with a deadly weapon, under 18 Pa. C.S. § 2702(a)(4), at Case No. CC1995-13993 in the Pennsylvania Court of Common Pleas for Allegheny County, still constitutes a violent felony under the elements clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i), in light of Johnson v. United States, 135 S. Ct. 2551 (2016), and its progeny.

**Background**

Petitioner seeks to challenge, pursuant to 28 U.S.C. § 2255, his designation as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). He bases his argument on the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2016), holding that the so-called "residual clause" set forth in the ACCA's definition of what constitutes a violent felony is unconstitutionally vague and that therefore enhancing a sentence under this clause violates due process. Specifically, he contends that his 1995 conviction for aggravated assault with a deadly weapon, under 18 Pa. C.S. § 2702(a)(4), no longer qualifies as a violent felony after the Supreme Court held the residual clause of the ACCA to be unconstitutionally vague.[1]

Petitioner was convicted of possession of a firearm by a convicted felon pursuant to 18 U.S.C. § 922(g)(1). Ordinarily, a conviction for possessing a firearm after being convicted of a felony carries a statutory maximum sentence of 10 years' imprisonment. However, if a defendant has three previous convictions for a "serious drug offense" or a "violent felony" or both, committed on occasions different from one another, the defendant instead faces a statutory mandatory minimum sentence of 15 years' imprisonment under Section 924(e), the ACCA.[2] The Court found Petitioner to

---

[1]    As the Court will discuss infra, regardless of whatever confusion there seems to be about the subsection of 2702 to which Petitioner pled guilty, appropriate records made part of the docket of this case at the time of sentencing clearly indicate that Petitioner's prior conviction was pursuant to subsection (a)(4).

[2]    "Serious drug offense" and "violent felony" are terms defined in Section 924(e)(2). A serious drug offense is defined in subsection (e)(2)(A) as:

>    (i)    an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or

be subject to the enhanced penalty provisions of the ACCA based on several prior convictions for serious drug offenses and/or violent felonies committed on different occasions as set forth in Petitioner's Presentence Investigation Report ("PIR"), specifically, aggravated assault and at least two separate convictions for delivery and/or possession with intent to deliver controlled substances. Accordingly, the Court applied the ACCA's minimum sentencing requirements and sentenced Petitioner, on September 2, 2008, to a term of imprisonment of 235 months, to be followed by five years' supervised release.

Petitioner filed a Notice of Appeal from the Court's final judgment on September 16, 2008, challenging his conviction and sentence. The United States Court of Appeals for the Third Circuit affirmed Petitioner's conviction and sentence on August 13, 2009. Subsequently, Petitioner, acting pro se, filed a Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 89), which he later withdrew so as to file an all-inclusive Motion to Vacate on May 13, 2011. (Doc. No. 97). The Court denied the motion on January 2, 2013. On June 19, 2014, Petitioner filed a second motion pursuant to Section 2255, which this Court transferred to the Third Circuit Court of Appeals for Petitioner to seek leave to file another motion under Section 2255. On June 14, 2016, he filed a new Motion to Vacate and asked

---

(ii)     an offense under State law, including manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

A violent felony is defined in subsection (e)(2)(B) as "any crime punishable by imprisonment for a term exceeding one year" which either:

(i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)     is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

the Court to stay the matter until the Third Circuit could determine whether he was permitted to file

the motion pursuant to Section 2255(h). This Court granted Petitioner's request for a stay of the

proceedings, and the Circuit Court granted his application to file a Section 2255 motion. Petitioner

then filed the present Amended Motion to Correct Sentence, further stating the basis for the relief

sought.

### Discussion

There is no question that Petitioner has two prior convictions for serious drug offenses

that qualify as predicates under the ACCA.[3] The issue, as discussed, is whether the third predicate

conviction, for aggravated assault with a deadly weapon, still qualifies as a conviction for a violent

felony under the ACCA. However, the Third Circuit, in its recent decision in United States v. Lewis,

_ Fed. Appx. __, 2018 WL 317776 (3d Cir. Jan. 8, 2018), rejected the very argument raised by

Petitioner here. Although not precedential, this Court finds the Third Circuit's opinion in Lewis to be

well-reasoned and to provide the Third Circuit's clearest statement as to the issue at hand. As such, it

will follow Lewis and deny Petitioner's motion.

As the Court noted supra, Petitioner's argument is that his aggravated assault

conviction at Case No. CC1995-13993 in the Pennsylvania Court of Common Pleas for Allegheny

County could no longer be used to designate him as an armed career criminal after the Supreme

Court's holding in Johnson rendered unconstitutional the residual clause of the part of the ACCA

defining a violent felony. To be sure, in light of Johnson, Petitioner's aggravated assault conviction,

---

[3]      While there is no dispute as to whether Petitioner has ***at least*** two such prior convictions,
the parties do disagree as to whether Petitioner has additional convictions that the Court could
consider to be predicate serious drug offenses. In light of the Court's holding as to Petitioner's
aggravated assault conviction, it need not and does not reach this issue.

or for that matter any conviction, cannot be considered under the residual clause.  This means that to qualify as a violent felony, it must either fit within the "enumerated clause," *i.e.*, it must be one of the felony convictions expressly listed in Section 924(e)(2)(B)(ii), or within the "elements clause," *i.e.*, it must have as an element the use, attempted use, or threatened use of physical force against the person of another.  Although the Government briefly argues that Petitioner's aggravated assault conviction fits within the enumerated clause, it clearly does not, as it is not a conviction for burglary, arson, or extortion, and does not involve the use of explosives.  The issue, then, is whether Pennsylvania's aggravated assault with a deadly weapon statute qualifies as a violent felony under the elements clause.  The Court finds that it does.

As a preliminary matter, the Court notes that Petitioner seems to rely on language in the Government's response to contend, in his reply, that it is not clear which subsection of Pennsylvania's aggravated assault statute he was convicted under at Case No. CC1995-13993.  He suggests, on that basis, that the Court must consider the least culpable conduct under any subsection of 18 Pa. C.S. § 2702(a) in determining whether his conviction qualifies as a predicate offense.  However, in his initial briefing, Petitioner himself identifies subsection (a)(4), pertaining to aggravated assault with a deadly weapon, as the subsection under which he was convicted.  Moreover, documents that the Court may consider under the modified categorical approach pursuant to Taylor v. United States, 495 U.S. 575 (1990) and Shepard v. United States, 544 U.S. 13 (2005),[4] and that were part of the record of this case

---

[4]      Petitioner, in his later filings, suggests that Section 2702 is not a divisible statute subject to the modified categorical approach, citing an unpublished decision from the Eastern District of Pennsylvania, at United States v. Ramos, No. 2:08-cr-695 (E.D. Pa.).  However, the Court notes that the district judge in Ramos did not, in fact, find Pennsylvania's aggravated assault statute to be indivisible, but merely discussed the issue of divisibility generally.  Indeed, the Third Circuit, while not ruling on the matter directly, has twice identified Section 2702 as a divisible statute.  See

even prior to Petitioner's sentencing, clearly indicate that he was convicted under Section 2702(a)(4), including the Pennsylvania Commission on Sentencing Form Offender and Court Information Sheet signed by the sentencing judge at Case No. CC1995-13993 (Doc. No. 62, Ex. 1), and the transcript of the plea colloquy in that case. (Doc. No. 63, Ex. 1 at 4). Accordingly, there is no legitimate issue as to the nature of Petitioner's prior conviction under Section 2702.

Section 2702(a)(4) provides that a person commits aggravated assault if he or she "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon." 18 Pa. C.S. § 2702(a)(4). To be classified as a violent felony under the elements clause of Section 924(e)(2)(B)(i), such an offense must have as an element the use, attempted use, or threatened use of physical force against the person of another. As discussed supra, the Third Circuit very recently held that aggravated assault with a deadly weapon under Pennsylvania law meets this definition. In Lewis, the Circuit Court explained that Section 2702(a)(4) requires intent or knowledge, thereby meeting the requisite mens rea under the elements clause.[5] See 2018 WL 317776, at *4. The court

---

Lewis, 2018 WL 317776, at *4 n.10; United States v. Gorny, 655 Fed. Appx. 920, 924 (3d Cir. 2016). Moreover, other district courts in this Circuit have held Section 2702 to be divisible and amenable to the modified categorical approach. See, e.g., United States v. Barfield, Crim. No. 09-93, 2017 WL 771253 (W.D. Pa. Feb. 28, 2017). Again, while it is unclear whether the issue has been directly raised here, this Court would also find Section 2702, as it existed in 1995, to be divisible, given that subsections (a)(1) through (a)(5) clearly identify separate crimes with separate elements, and not merely different means of committing a single crime. See 18 Pa. C.S. § 2702(a)(1)-(5)(1995). Indeed, subsection (b) specifically indicates that the grade of violation is different based on the subsection of conviction.

[5]     Although the Third Circuit, in Lewis, was determining whether Pennsylvania aggravated assault with a deadly weapon constituted a crime of violence under Section 4B1.2(a)(1) of the United States Sentencing Guidelines, the definition of crime of violence contained therein is essentially identical to the definition of violent felony under the ACCA. It is well-established that courts may rely on case law interpreting Section 4B1.2 of the Guidelines in determining what is or is not a violent felony under Section 924(e)(2)(B) and vice versa. See United States v. Chapman,

went on find that Section 2702(a)(4)'s element of causing bodily harm with a deadly weapon necessarily requires the use of force sufficient to meet the requirements of the elements clause. See id. In so finding, the Third Circuit relied, at least in part, on the United States Supreme Court's decision in United States v. Castleman, 134 S. Ct. 1405, 1415 (2014), where the Supreme Court stated that "[i]t is impossible to cause bodily injury without applying force."

This Court acknowledges that Lewis not only was interpreting the Sentencing Guidelines rather than the ACCA, but also that it is a non-precedential decision not binding on the Court here. Nonetheless, this Court finds the Third Circuit's reasoning to be sound and persuasive. Indeed, if aggravated assault with a deadly weapon does not satisfy the elements clause, it is difficult to imagine a crime that would. Moreover, the decision in Lewis is consistent with the general direction of the case law in this circuit. Although the Third Circuit, in Gorny, addressed the definition of crime of violence under the Guidelines rather than the definition of violent felony under the ACCA, and although it did so under a plain error standard, the court did, in fact, identify a conviction under Section 2702(a)(4) as a crime of violence and treated it as such. See 655 Fed. Appx. at 925. District courts in this circuit, generally following Gorny, have held convictions under Section 2702(a)(4) to qualify as violent felonies under the elements clause. See El Amin v. United States, No. 1:05-cr-67, 2017 WL 4233090, at *5 (M.D. Pa. Sept. 25, 2017) (collecting cases).

---

866 F.3d 129, 132 n.3 (3d Cir. 2017) (citing United States v. Hopkins, 577 F.3d 507, 511 (3d Cir. 2009)).

**<u>Conclusion</u>**

Accordingly, the Court finds Petitioner's conviction for aggravated assault with a deadly weapon pursuant to 18 Pa. C.S. § 2702(a)(4) at Case No. CC1995-13993, to continue to qualify as a violent felony under the elements clause of the ACCA. Therefore, Petitioner's motions are denied. However, in light of the non-binding nature of the case law upon which the Court's decision relies, and in consideration of the fact that this area of law remains in a state of flux, the Court will issue a certificate of appealability so that Petitioner may raise this issue before the Third Circuit if he so chooses.

<u>s/Alan N. Bloch</u>
United States District Judge

ecf:        Counsel of record