IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| vs. | ) Criminal No. 06-193 |
| SEAN REED, | )<br>) |
| Defendant. | ) |

ORDER

AND NOW, this 10th day of March, 2021, upon consideration of the motion for reduced sentence,[1] pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (Doc. No. 147), filed by Defendant, Sean Reed ("Defendant"), in the above captioned matter on December 15, 2020; the Government's response in opposition thereto (Doc. No. 150), filed January 19, 2021; and Defendant's reply (Doc. No. 152), filed February 23, 2021,

IT IS HEREBY ORDERED that, for the reasons set forth below, the motion is DENIED.

On April 8, 2008, Defendant was found guilty of one count possession of a firearm by a convicted felon, pursuant to 18 U.S.C. §§ 922(g)(1) and 924(e). On September 2, 2008, the Court sentenced him to a 235-month term of imprisonment—the bottom of the applicable guideline range. Doc. No. 83, Sentencing Transcript, pg. 14. His conviction and sentence were affirmed on appeal. *United States v. Reed*, 342 F. App'x 800, 804 (3d Cir. 2009). After the Third Circuit affirmed the judgment, Defendant filed multiple collateral challenges to his confinement, pursuant to 28 U.S.C. § 2255. Doc. Nos. 89, 97, 116, 123. Now pending before

---

[1] "Motion for Compassionate Release and Request that the Court Accelerate and Expedite these Proceedings." Doc. No. 147.

the Court is Defendant's *pro se* motion for compassionate release.  Doc. No. 147.[2]  In the instant motion, Defendant, who will be released on December 13, 2023, requests a reduced term of imprisonment due to extraordinary and compelling circumstances.  He argues his conviction for a violation of 18 U.S.C. § 922(g)(1) is infirm due to the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and that the infirmity of his conviction combined with the excessive severity of his sentence, his rehabilitation, and the COVID-19 pandemic constitute extraordinary and compelling reasons warranting his release, pursuant to 18 U.S.C. § 3582(c)(1)(A).  Defendant asks the Court to employ its discretion under Section 3582(c)(1)(A) to exercise mercy and "bring a measure of justice to [his] sentence."  Doc. No. 147, pgs. 2, 12.  For the reasons set forth below, the Court will deny the motion.

A district court's authority to modify a sentence once it has been imposed is strictly limited.  18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed[.]"); *Dillon v. United States*, 560 U.S. 817, 819 (2010).  Section 3582(c)(1)(A), amended by the First Step Act § 603(b), provides a specific exception to the rule against modification:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of

---

[2] The Court construes Defendant's *pro se* motion liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).  In passing, Defendant requests that the Court, "grant him home confinement" in the alternative to a reduced sentence.  Doc. No. 147, pg. 8.  To the extent Defendant may be asserting a request for home confinement under Section 12003 of the CARES Act, the Court is not empowered therein to order home confinement.  *United States v. Cruz*, 455 F. Supp. 3d 154, 159 (M.D. Pa. 2020); *United States v. Davidson*, No. 2:16-CR-00139-2, 2020 WL 4877255, at *21 n.15 (W.D. Pa. Aug. 20, 2020).

2

imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

**(i)** extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).  The text sets up, as an initial matter, a procedural prerequisite to the courts' consideration of defendants' motions to reduce a term of imprisonment, that is, defendants must first present their requests to the Bureau of Prisons ("BOP").  *Id.*  Thereafter, defendants must either satisfy the "full exhaustion" provision or the "30-day lapse" provision before presenting requests to the district court.  *United States v. Omar Gadsden*, No. CR 09-305, 2020 WL 5407914, at *5 (W.D. Pa. Sept. 9, 2020); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020).  In this matter, Defendant has provided a "Request for Compassionate Release" and "Response to Inmate Request to Staff Member."  Doc. No. 152-3.  The request and response indicate Defendant submitted the request to the warden at FCI-Talladega, where he is serving his sentence, on or around September 14, 2020, more than thirty days before Defendant filed the motion.[3]  Therefore, Defendant has satisfied the 30-day lapse provision, and the Court will consider the merits of his request.

In Section 3582(c)(1)(A), Congress gave courts the authority to reduce a term of imprisonment where justified by extraordinary and compelling reasons, but it did not define "extraordinary and compelling reasons."  Instead, Congress instructed the United States

---

[3] In addition to the September 14, 2020 request and response, Defendant submitted a second warden request, as well as the warden's response to Defendant's request for reconsideration.  Doc. No. 152-6 (dated November 13, 2020).  Like the September 14th request, Defendant's request for the warden's reconsideration was received more than thirty days before Defendant filed this motion.  Both the initial request and request for reconsideration include, as bases for compassionate release, age, incarceration for a non-violent offense, rehabilitation, time served, and the Supreme Court's decision in *Rehaif v. United States*.  Doc. Nos. 152-3, 152-6.

Sentencing Commission to define the term, subject to one limitation, that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Thereafter, the Sentencing Commission provided its definition at U.S.S.G. § 1B1.13, cmt. n.1, explaining that extraordinary and compelling reasons exist where: "The defendant is suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13 cmt. n.1(A)(ii). Extraordinary and compelling reasons were also defined to include terminal illness, advanced age, family circumstances, and "[o]ther [r]easons." *Id.* § 1B1.13 cmt. n.1(A)—(D). The "[o]ther [r]easons" provision at Section 1B1.13 cmt. n.1(D) describes "an extraordinary and compelling reason other than, or in combination with, the reasons," enumerated in subsections (A) through (C), "[a]s determined by the Director of the Bureau of Prisons."

Until the First Step Act's enactment, Section 1B1.13 cmt. n.1 bounded courts' discretion to find extraordinary and compelling reasons warranting reductions of imprisonment terms. 18 U.S.C. § 3582(c)(1)(A) (requiring sentence reductions be "consistent with applicable policy statements"). However, since the First Step Act amended Section 3582(c), the definition of extraordinary and compelling reasons at U.S.S.G § 1B1.13, cmt. n.1 has not been updated. *United States v. Brooker*, 976 F.3d 228, 233—34 (2d Cir. 2020). Without an update, Section 1B1.13 is, in certain regards, at odds with 18 U.S.C. § 3582(c). *Id.* The conflict between the updated Section 3582(c) and the outdated Section 1B1.13 has led a majority of courts to determine Section 1B1.13 no longer limits the courts' determination of what may constitute extraordinary and compelling reasons. *Id.* at 234; *United States v. Adeyemi*, 470 F. Supp. 3d 489, 505 (E.D. Pa. 2020) (collecting cases). Section 1B1.13 continues to be a helpful guide, but

4

courts have the discretion to find "other reasons" are extraordinary and compelling.  *United States v. Rodriguez*, 451 F. Supp. 3d 392, 398 (E.D. Pa. 2020) (finding Section 1B1.13 "provides helpful guidance") (quoting *United States v. Beck*, 425 F. Supp. 3d 573, 582 (M.D.N.C. 2019)); *Brooker*, 976 F.3d at 236.

The Court concurs with the majority, that its discretion in evaluating Defendant's proposed extraordinary and compelling reasons for a reduced term of imprisonment is broad.  The Court bears Section 1B1.13 cmt. n.1 in mind as a helpful guide.  The benchmark of the Court's analysis is, of course, the text of Section 3582(c)(1)(A), and the meaning of the terms "extraordinary" and "compelling" therein.  *See United States v. Somerville*, 463 F. Supp. 3d 585, 595 (W.D. Pa. 2020) (explaining "[t]he appropriate analysis begins with the text of the statute," and thus the "ordinary meaning" of the phrase "extraordinary and compelling"); *United States v. Clausen*, No. CR 00-291-2, 2020 WL 4260795, at *7 (E.D. Pa. July 24, 2020) (anchoring the courts' analysis in the Black's Law Dictionary (11th ed. 2019) definition of "extraordinary" and "compelling"); *United States v. Corey Gadsden*, No. CR 2:09-305, 2021 WL 195267, at *5 (W.D. Pa. Jan. 20, 2021) (citing *Somerville*, 463 F. Supp. 3d at 595); *United States v. Craighead*, No. CR 2:17-143, 2021 WL 211498, at *4 (W.D. Pa. Jan. 21, 2021) (citing *United States v. Diallo*, 575 F.3d 252, 256 (3d Cir. 2009)).  Therefore, to find a reduced sentence is warranted, the Court must find, "at a minimum," that Defendant's reasons for early release are "***unusual*** (*i.e.*, unique to the inmate, and beyond the ordinary hardship of prison) and ***significant*** (*i.e.*, serious enough to make release appropriate)." *Somerville*, 463 F. Supp. 3d at 596.

Defendant bases his motion for reduced sentence, primarily, upon the combination of a "change in sentencing law," the excessive severity of his sentence, and his rehabilitation.  Doc. Nos. 147, pgs. 10—12; 152, pgs. 4—5.  While Defendant starts with what he describes as a

"change in sentencing law," he actually raises a legal issue affecting the validity of his conviction. Defendant points to *Rehaif v. United States* wherein the Supreme Court held that the Government, in prosecuting Section 922(g) violations, must prove that a defendant knew he was among the group of persons prohibited from possessing a firearm—in that case, unlawfully present aliens—to sustain a conviction. 139 S. Ct. at 2200. For many defendants who had been convicted of a violation of Section 922(g), *Rehaif* presented the possibility of challenging such a conviction pursuant to 28 U.S.C. § 2255. 139 S. Ct. at 2213 (Alito, J., dissenting). However, the Third Circuit has excluded from that opportunity any defendant who had already employed Section 2255 to challenge confinement. *In re Sampson*, 954 F.3d 159, 161—62 (3d Cir. 2020) (holding *Rehaif* did not provide a "new, retroactively applicable rule of constitutional law" as required to permit a cumulative Section 2255 petition).

Defendant argues *Rehaif* undermines his conviction, but also acknowledges that he is among those excluded from challenging the conviction through Section 2255 because he already employed Section 2255 several times over. Doc. No. 147, pg. 11. He urges the Court to nevertheless consider *Rehaif*'s effect in the extraordinary and compelling reasons analysis. For support, he cites a number of cases wherein district courts used their expanded post-First Step Act discretion to find certain legal changes contribute to a finding of extraordinary and compelling circumstances. Doc. Nos. 147, pgs. 9—10; 152, pgs. 3—4. However, most of those cases involved defendants who were subject to mandatory sentence stacking provisions in 18 U.S.C. § 924(c), which have since been repealed because the resultant sentences were inordinately harsh.[4] Defendant's case is more like that of the defendant in *United States v.*

---

[4] *United States v. Harris*, No. CR 97-399-1, 2020 WL 7861325, at *14 (E.D. Pa. Dec. 31, 2020) ("Congress, in passing the First Step Act and amending sentencing for section 924(c) offenses, renounced the harshness of lengthy stacked sentences[.]"). Defendant cites, among others,

*Brown*, who was convicted for being a felon in possession of a firearm pursuant to Section 922(g)(1), could not file another Section 2255 petition, and requested an "other reasons" sentence reduction based on, *inter alia*, the Supreme Court's decision in *Rehaif v. United States*. No. 2:12-CR-00224-1, 2020 WL 4345077, at *4 (W.D. Pa. July 29, 2020). In *Brown*, Chief Judge Hornak expressed concern that entertaining a *Rehaif* challenge to the legitimacy of a conviction through Section 3582(c)(1)(A) would amount to the "circumvent[ion] [of] the strictures of § 2255 by relying on § 3582(c)(1)(A)." *Id.* at *5. The Court shares that concern in this matter. Defendant, by his own admission, cannot file another Section 2255 petition because precedent dictates *Rehaif* does not permit successive petitions. *Id.* at *5 (citing *Sampson*, 159

---

*United States v. Brooker*, *United States v. Clausen*, and *United States v. Pollard*. The defendant in *Brooker* possessed a gun in furtherance of a drug trafficking conspiracy but otherwise had no criminal history. 976 F.3d at 230. Because he was subject to the mandatory, consecutive penalty at Section 924(c), he was serving a fifteen-year minimum—a term the sentencing judge found unnecessarily severe at the time it was imposed. *Id.* at 231. When the defendant filed a Section 3582(c)(1)(A) motion, the district court, thinking it was strictly bound by U.S.S.G. § 1B1.13, refused to consider factors like his youth at the time of the offense or the length of his sentence. *Id.* at 237—38. The Second Circuit held the "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release," including, the defendant's age at the time of the offense, the exceedingly long sentence, and his extensive rehabilitation. *Id.* at 237.

The defendant in *Clausen* was subject to 205-years' worth of "stacked mandatory-minimum terms for his § 924(c) convictions alone." 2020 WL 4260795 at *8. The defendant also had "demonstrated a remarkable record of rehabilitation." *Id.* Judge Pappert determined that "the drastic reduction in § 924(c) sentences with its elimination of stacking," combined with other factors was extraordinary and compelling. *Id.* at *7. Clausen's term of imprisonment was later reduced to time served. *United States v. Clausen*, No. CR 00-291-2, 2020 WL 4601247, at *3 (E.D. Pa. Aug. 10, 2020).

In *Pollard*, the defendant was subject to Section 924(c)'s stacking provisions, and Judge Beetlestone determined that, had the defendant been sentenced in 2020, he "would be subject to a 168-month mandatory minimum for all of his offenses, as opposed to the 384-month one he faced in 2012." No. CR 10-633-1, 2020 WL 4674126, at *2 (E.D. Pa. Aug. 12, 2020). Considering "the dramatic difference in the sentence," rehabilitation evidence, employment prospects, and the defendant's lack of criminal history predating his offense conduct, Judge Beetlestone determined extraordinary and compelling reasons warranted a reduced term. *Id.* at *7.

7

F.3d at 161). Were the Court to allow Section 3582(c)(1)(A) to be a "workaround" of "the limitations imposed by § 2255 jurisprudence and *In re Sampson*," that would seem contrary the Court's limited authority to adjust imposed sentences. *Brown*, 2020 WL 4345077, at *5 n.3 (describing such a "workaround" as a "resentencing that is outside of this Court's legal authority, no matter how just that outcome might turn out to be").[5]

    Not only does the Court have misgivings about bypassing limitations on successive Section 2255 petitions, but the Court also finds *Rehaif* is not an appropriate basis for a reduced sentence because its effect on Defendant's case is not extraordinary in the ordinary sense of the word. The term "extraordinary" indicates uniqueness. *Somerville*, 463 F. Supp. 3d at 595 ("'[E]xtraordinary' is commonly understood to mean 'going beyond what is usual, regular, or customary,' or 'exceptional to a very marked extent.'"); *Clausen*, 2020 WL 4260795, at *7. As Justice Alito observed in dissent in *Rehaif*, "[t]ens of thousands of prisoners are currently serving sentences for violating 18 U.S.C. § 922(g)." 139 S. Ct. at 2212 (Alito, J., dissenting). These "[t]ens of thousands of prisoners" are in a position that is very similar, if not identical, to that of Defendant: they are serving sentences based on convictions that may not have been sustained had

---

[5] Defendant briefly argues that his "conviction (§ 922(g)) is . . . unconstitutional because it exceeds the limits of Congress's power under the Commerce Clause." Doc. No. 147, pg. 4. This passing challenge to the constitutionality of his statute of conviction would be, like the *Rehaif* challenge, most appropriately presented to the Court in a motion to vacate (28 U.S.C. § 2255). *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 is unavailable to Defendant, and the Court declines to sidestep the statutory prohibition against successive petitions by considering the issue reframed as a question of extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1)(A). The Court further notes that Defendant questioned Section 922(g)'s constitutionality before the Third Circuit. *United States v. Reed*, 342 F. App'x 800, 803 (3d Cir. 2009). The Court of Appeals quickly dispensed with the issue. *Id.* (citing *United States v. Singletary*, 268 F.3d 196, 205 (3d Cir. 2001)). *Cf. United States v. Hill*, 811 F. App'x 761, 762 n.1 (3d Cir. 2020) ("[H]e argues that the statute underlying his conviction exceeds Congress' powers under the Commerce Clause. Our precedent forecloses this argument[.]").

*Rehaif* applied at the time. Where so many thousands of prisoners share Defendant's complaint, the Court would be hard pressed to find Defendant is in an extraordinary position that justifies amendment of his sentence without something else that pushes his case beyond the norm.

Defendant has not provided any additional reason that makes his case extraordinary. Unlike the defendants in the cases he cites for support, Defendant neither lacked criminal history pre-dating the instant offense,[6] nor suffered an "off the charts" sentence.[7] He argues that the sentence imposed upon him was excessive, and that the Court looked for ways to impose a lower sentence but could find none. Doc. No. 147, pgs. 2, 12. However, at Defendant's final sentencing hearing, the Court announced it would impose a sentence within the guidelines range for Defendant as an armed career criminal, explaining "[i]f the Court were to sentence this defendant below the applicable guideline range, sentencing disparities would result." Doc. No. 83, Sentencing Transcript, pg. 4. Defendant's sentence was imposed for the express purpose of, among other things, ensuring his sentence was consistent with sentences imposed upon defendants convicted of Section 922(g)(1) violations with similar criminal histories.[8] Defendant therefore fails to demonstrate his sentence is excessively harsh to the extent that would justify a finding of extraordinary and compelling reasons to reduce his sentence. *See United States v.*

---

[6] *Compare Pollard*, 2020 WL 4674126, at *7.

[7] *Compare Clausen*, 2020 WL 4260795, at *8.

[8] As explained, supra, Defendant's case is quite unlike compassionate release cases involving defendants who were subject to stacked sentences pursuant to 18 U.S.C. § 924(c). Considering defendants serving stacked sentences, courts have been particularly concerned with the potential for extreme sentence disparities now that Congress has mollified those stacking provisions. *See Clausen*, 2020 WL 4260795, at *7—8. Courts that have granted compassionate release have found that certain excessively harsh sentences imposed pursuant to Section 924(c) and disparities caused by the First Step Act § 403, together, have an unusual, *i.e.,* extraordinary quality. Unlike the stacking provisions at Section 924(c), the penalties Defendant was subject to based on his status as an armed career criminal (§ 924(e)) have neither been revisited nor "forgotten." *Brown*, 2020 WL 4345077, at *6.

*Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) ("But his sentence was within the applicable Sentencing Guidelines range and thus is presumptively reasonable.").

Similarly, Defendant's risk of contracting COVID-19 at FCI-Talladega is not an extraordinary circumstance justifying his release.[9] Movants who predicate their request for a reduced sentence on the risk of COVID-19 exposure, generally must demonstrate an increased risk of severe illness associated with COVID-19 due to a medical condition, and also that COVID-19 cases are actually present at the facility where the defendant is incarcerated. *Somerville*, 463 F. Supp. 3d at 596.  While there are positive COVID-19 cases at FCI-Talladega,[10] Defendant has not claimed he suffers from any medical condition(s), nor provided any evidence of present medical conditions that would put him at a greater risk of severe illness related to COVID-19 than any other adult.  He includes with his motion materials corroborating the risk of community spread of COVID-19 in a prison setting, but nothing indicating he is more at risk than any other incarcerated individual in the midst of a global pandemic.  Therefore, the risk of COVID-19 does not give way to an extraordinary, *i.e.*, "unusual" circumstance justifying Defendant's early release.  *Id.* at 596; *see Ronald Harris*, 2020 WL 7861325, at *7 ("Courts decline to find COVID-19 an extraordinary and compelling reason for release without this showing of increased susceptibility to the virus.").

---

[9] The Government argues Defendant failed to exhaust COVID-19 as an issue contributing to extraordinary and compelling reasons for his release before the BOP.  Doc. No. 150, pg. 4.  The Court will consider COVID-19's impact on Defendant's case, because the BOP considered Defendant's request in November 2020.  At that time, the BOP's consideration of requests for compassionate release was informed by context, *i.e.*, the ongoing pandemic.  Therefore, the BOP was not deprived of the opportunity to consider COVID-19's impact on Defendant's request due to his failure to specifically mention the pandemic.  *See Davidson*, 2020 WL 4877255, at *16.

[10] *COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last updated Mar. 9, 2021) (confirming active cases for six inmates and forty-six staff).

Finally, Defendant offers his rehabilitation and post-release plans in support of his request for compassionate release.  The Court takes the letters of support Defendant filed with his reply at face value and commends Defendant for his efforts toward rehabilitation while incarcerated.[11]  Congress's directive is clear when it comes to the courts' consideration of rehabilitation in the extraordinary and compelling circumstances analysis—rehabilitation on its own is insufficient to justify a reduced sentence.  28 U.S.C. § 994(t).  Therefore, the Court would only be authorized to reduce Defendant's term of imprisonment if indicia of his rehabilitation, combined with the other reasons he raises in his motion, constitute extraordinary and compelling reasons justifying release.  As explained supra, Defendant's other proposed reasons—the impact of *Rehaif* on his conviction, the relative severity of his sentence, and the COVID-19 pandemic—affect many thousands of prisoners.  Therefore, because Defendant's proposed reasons for a reduced sentence lack the statutorily mandated extraordinary quality, the Court finds there are not extraordinary and compelling reasons warranting a reduction of his term of imprisonment.

The Court further notes that Defendant's motion for a reduced term of imprisonment would be denied even if there were extraordinary and compelling reasons warranting such a reduction because of the Court's consideration of the sentencing factors at 18 U.S.C. § 3553(a).  Before imposing a reduced term of imprisonment, courts must consider the Section 3553(a) factors "to the extent that they are applicable," to determine whether they "outweigh" the extraordinary and compelling reasons for release.  *United States v. Brooks*, --- F. Supp. 3d ---, 2020 WL 5849712, at *4 (W.D. Pa. Sept. 30, 2020) (citing *United States v. Bess*, 455 F. Supp. 3d 53, 66 (W.D.N.Y. 2020)).  To that end, the Court considers:

---

[11] The letters document Defendant's respectful attitude, positive work reviews, appetite for learning opportunities, and contributions to his fellow inmates.  Doc. No. 152-2.

> [T]he nature and circumstances of the offense; the defendant's history and characteristics; the kinds of sentences available; the need for the sentence to reflect the seriousness of the offense, promote respect for law, provide just punishment, provide adequate deterrence, protect the public from further crimes, and provide the defendant with needed correctional treatment in the most effective manner; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

*United States v. Walter Alston Brown*, No. CR 13-176-4, 2020 WL 6146620, at *4 (E.D. Pa. Oct. 20, 2020) (citing 18 U.S.C. § 3553(a)(1—2, 6)).  In Defendant's case, the need to avoid sentence disparities is particularly salient.  The Court stands by its determination at the time of Defendant's sentencing that a 235-month term of imprisonment, the shortest duration recommended by the applicable guidelines range, is necessary to avoid unwarranted sentencing disparities.  Other factors weigh in Defendant's favor, such as the amount of the sentence Defendant has already served, *see Pawlowski*, 967 F.3d at 331, and his history while incarcerated.  However, on balance, the need to avoid disparities among similarly situated defendants, as well as the seriousness of Defendant's criminal history, make a reduction of his term of imprisonment inadvisable.

Accordingly, the court finds a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) is unwarranted.  Defendant's motion is therefore denied.

s/ Alan N. Bloch<br>
United States District Judge

cc:    Sean Reed, Reg. No. 09576-068
       F.C.I. Talladega
       P.M.B 1000
       Talladega, AL 35160