**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 06-193** |
| | ) | |
| **SEAN REED** | ) | |

## Memorandum Opinion and Order

Defendant Sean Reed has filed a Motion for Early Termination of Supervised Release Pursuant to 18 U.S.C. § 3583(e)(1). ECF No. 180. The government has filed a response opposing the motion, to which Mr. Reed has filed a Reply. ECF Nos. 185, 186. On April 8, 2008, Mr. Reed was found guilty, following a jury trial, of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924 (e). On September 2, 2008, the Honorable Judge Alan J. Bloch sentenced Mr. Reed to a term of 235 months' imprisonment, to be followed by five years of supervised release. His conviction was affirmed on appeal. *United States v. Reed*, 342 Fed. Appx. 800, 804 (3d Cir. 2009). Mr. Reed began his three-year term of supervised release on August 16, 2024.

### I. Applicable Law

Early termination of a term of supervised release is authorized under 18 U.S.C. § 3583(e). A court may "terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release," if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citation omitted).

In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a)[1]. "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Melvin*, 978 F.3d at 52–53 (3d Cir. 2020) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)).

The United States Sentencing Guidelines § 5D1.4(b), in accord with 18 U.S.C. § 3583(e)(1), states that a court may terminate a defendant's remaining term of supervised release "[a]ny time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision." § 5D1.4(b). The Guidelines recommend that the determination should be made, "following consultation with the government and the probation officer." § 5D1.4(b). Amendment 835 to the United States Sentencing Guidelines, effective November 1, 2025, added the following guidance to courts reviewing early termination motions:

> (B) Early Termination. — When determining whether to terminate the remaining term of supervised release under subsection (b), the court may wish to consider such factors as:
>
> > (i) any history of court-reported violations over the term of supervision; (ii) the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
> >
> > (iii) the defendant's substantial compliance with all conditions of supervision;

---

[1] The select factors under 18 U.S.C. § 3553(a) are: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2)(B) the need to afford adequate deterrence to criminal conduct, (2)(C) to protect the public from further crimes of the defendant, (2)(D) to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; 4(B) the applicable guidelines or policy statements issued by the Sentencing Commission, (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

> (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
>
> (v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and
>
> (vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

U.S.S.G. § 5D1.4, comment. n.1(B).

Finally, although new circumstances are not required in order terminate supervision early, the Third Circuit Court of Appeals has explained the "general rule" that "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53. Despite this "general rule," the Court has the discretion to terminate supervision early even in the absence of new circumstances. *Id.*

**III. Discussion**

Mr. Reed argues that early termination of his supervised release is warranted based upon the fact that he has substantially complied with the conditions supervised release. He has maintained consistent employment on while on supervision, first in Pittsburgh (starting September 2024) and then in Houston (starting May 2026). He is currently pursuing his Commercial Driver's License. Prior to relocating to Houston, Mr. Reed offered mentoring to youth with Turning Corners Youth Mentorship Association in Pittsburgh. He lives with his

cousin in Houston. He maintains a strong support network, which includes positive letters of support from his mother, his sister, his current manager, and his fiancé.

The United States Probation Office filed a "Report of Status of Person Under Supervision with Respect to Early Termination, Pursuant to Guide to Judiciary Policy, Vol. 8E, Ch. 3," that states that Mr. Reed does not meet the criteria for early termination. ECF No. 183, at 2. Specifically, the Probation Officer reports that Mr. Reed is categorized as an Armed Career Criminal, and he has not been free of court reported violations over the past 12 months. *Id.* at 3. Mr. Reed had a positive urine test in February 2026 for the presence of alcohol. In Mr. Reed's favor is the fact that he has not presented an identified risk of harm to the public, and since he relocated to Houston he has been complaint with his conditions of supervision, and he has been actively communicating with his probation officer, and he has maintained stable housing and employment, and he has not engaged in any new criminal activity. *Id.* The Probation Officer also filed a confidential Recommendation with Respect to Early Termination, recommending that early termination not be granted at this time, explaining that he does not meet the requirements, he has a positive test for alcohol on February 2026, and he is classified as an armed career criminal. ECF No. 184 (under seal).

The government acknowledges that Mr. Reed has maintained employment, has strong family support, and has offered mentoring to youth. In opposing termination of supervised release, the government argues that Mr. Reed has had a positive urine test for the presence of alcohol within the last 12 months (February 2026). In addition, Mr. Reed is designated as an armed career criminal, which is a factor weighing against early termination of supervised release. The government also cites the dangerous nature of Mr. Reed's conviction.

The Court's standard for evaluating whether early termination is warranted is broad: the court is to determine whether it is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Mr. Reed has been generally compliant with the terms of his supervision; excepting the single alcohol test in February 2026. Mr. Reed's offense of conviction is serious. He received a significant sentence of 235 months' imprisonment. He was approximately 32 years of age when he was sentenced, 46 when he was released, and he is now approximately 50 years of age. His recent change of residency from Pennsylvania to Texas is also a factor to consider. The supports available through supervised release will assist him in establishing stability in his new location. An individualized assessment of Mr. Reed's circumstances leads the Court to conclude that, at this time, continued supervision is appropriate under section 3583(e)(1). There is no doubt that Mr. Reed has been successful while on supervised release and his conduct shows a desire to continue his rehabilitation and to improve himself.

The Court acknowledges that supervised release presents burdens and barriers for defendants. However, there is no evidence that Mr. Reed's conditions of supervision are either too harsh or inappropriately tailored to serve general rehabilitation goals, deterrence, and protection of the public, when considering the nature of the offenses he committed. Mr. Reed is nearing the middle of his term of supervised release, with approximately 33 months of his 60 month term left to go. Oversight supervision by the Probation Officer will continue to assist Mr. Reed as he moves forward during his term of supervision. Furthermore, as the government acknowledged, Mr. Reed may reapply for early termination at a later time

The Court concludes that the original term of supervision remains an appropriate term of supervised release in this case. After reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), the relevant factors set forth in 18 U.S.C. § 3553(a), and the factors set forth in § 5D1.4, comment. n.1(B), the Court concludes that early termination of Mr. Reed's supervised release is not warranted.

Accordingly, the following Order is hereby entered.

AND NOW, this 27th day of October 2026, it is hereby ORDERED, that Sean Reed's Motion for Early Termination of Supervised Release, ECF No. 180, is DENIED, without prejudice.

__s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge